ELECTRONICALLY FILED - 2020 Oct 19 12:56 PM - LAURENS - COMMON PLEAS - CASE#2020CP3000930

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF LAURENS | THE EIGHTH JUDICIAL CIRCUIT |
| | |
| GERALD COLPITTS, as Personal Representative of the Estate of BERNADETTE MURATORE | Civil Action No.: _____ |
| Plaintiff, | SUMMONS |
| v. | |
| NHC HEALTHCARE CLINTON, LLC | |
| Defendant. | |

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint in this action, a copy of which is hereby served upon you, and to serve a copy of your Answer to the said Complaint upon the subscribers at 1717 Marion Street, Columbia, South Carolina 29201, within thirty (30) days after the service hereof, exclusive of the day of such service, and if you fail to answer the Complaint within the time aforesaid, Plaintiff will apply to the Court for the relief demanded in the Complaint and judgment by default will be rendered against you for the relief demanded in the Complaint.

*(Signature page to follow)*

**EXHIBIT A**

ELECTRONICALLY FILED - 2020 Oct 19 12:56 PM - LAURENS - COMMON PLEAS - CASE#2020CP3000930

Respectfully submitted,

s/*J. Eric Cavanaugh*
J. Eric Cavanaugh, S.C. Bar No. 100044
Joseph O. Thickens, S.C. Bar No. 101398
William H. Yarborough, Jr., S.C. Bar No. 102868
Cavanaugh & Thickens, LLC
1324 Gadsden Street (29201)
Post Office Box 2409
Columbia, SC 29202
Tel:  (803) 888-2200
Fax:  (803) 888-2219
eric@ctlawsc.com
joe@ctlawsc.com
will@ctlawsc.com

**ATTORNEYS FOR PLAINTIFF**

Columbia, South Carolina

October 19, 2020

- 2 -

ELECTRONICALLY FILED - 2020 Oct 19 12:56 PM - LAURENS - COMMON PLEAS - CASE#2020CP3000930

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF LAURENS | THE EIGHTH JUDICIAL CIRCUIT |
| GERALD COLPITTS, as Personal Representative of the Estate of BERNADETTE MURATORE | Civil Action No.: _____ |
| Plaintiff, | COMPLAINT |
| v. | (Jury Trial Requested) |
| NHC HEALTHCARE CLINTON, LLC | |
| Defendant. | |

Plaintiff, by and through her undersigned counsel, hereby submits her Complaint against the Defendant, and respectfully alleges as follows:

**PARTIES**

1.  Plaintiff Gerald Colpitts ("Mr. Colpitts") is a citizen and resident of Richland County, South Carolina, and is the natural son of Bernadette Muratore.

2.  Mr. Colpitts is the duly appointed Personal Representative of the Estate of Burnadette Muratore.

3.  Upon information and belief, Defendant NHC Healthcare Clinton, LLC ("NHC Clinton"), is a business corporation organized and existing pursuant to the laws of the State of South Carolina which conducts business in Laurens County, South Carolina.

4.  The Defendant had the right and/or power to direct and control its employees and/or agents in the business and they are personally, jointly and severally liable for the acts and omissions committed.

- 3 -

5. The negligent acts, omissions, and liability of the Defendant includes that of their agents, principals, employees, and/or servants, both directly and vicariously, pursuant to principles of corporate liability, apparent authority, agency, ostensible agency, non-delegable duty, and/or *respondeat superior*.

6. At all times referenced in this Complaint, and as to all allegations in this Complaint, the agents, principals, employees, and/or servants of the Defendant were acting within the course and scope of their employment and at the direction of Defendant.

7. The above-named Defendant is liable for all damages alleged herein since its multiple and separate negligent, grossly negligent, reckless, and/or willful and wanton acts and omissions are a proximate cause of Plaintiff's damages, injuries and losses.

**JURISDICTION AND VENUE**

8. This Court has subject-matter jurisdiction over this action and the claims set forth in this complaint.

9. Venue is appropriate in Laurens County, South Carolina pursuant to S.C. Code Ann. § 15-7-30.

**ALLEGATIONS IN THIS COMPLAINT ARE NON-MEDICAL OR WITHIN THE COMMON KNOWLEDGE EXCEPTION**

10. This case is brought pursuant to allegations of negligence, premises liability, gross negligence or recklessness that are not medical in nature.

11. "[N]ot every action taken by a medical professional in a hospital or doctor's office necessarily implicates medical malpractice and, consequently, the requirements of [S.C. Code Ann.] Section 15-79-125." *Dawkins v. Union Hosp. Dist.*, 408 S.C. 171, 178, 758 S.E.2d 501, 504 (2014).

ELECTRONICALLY FILED - 2020 Oct 19 12:56 PM - LAURENS - COMMON PLEAS - CASE#2020CP3000930

12. "However, at all times, the medical professional must 'exercise ordinary and reasonable care to ensure that no unnecessary harm [befalls] the patient.'" *Id.* at 178, 758 S.E.2d at 504 (further citations omitted).

13. "The statutory definition of medical malpractice found in section 15-79-110(6) does not impact medical providers' ordinary obligation to reasonably care for patients with respect to nonmedical, administrative, ministerial, or routine care." *Id.*

14. "Thus, medical providers are still subject to claims sounding in ordinary negligence." *Id.*

15. The allegations that could be construed to be medical in some form or another do not require an expert affidavit since the claims of negligence that could possibly be construed as medical in nature involve allegations that do not require the expertise of a medical expert witness.

**FACTUAL ALLEGATIONS**

16. Bernadette Muratore was admitted to NHC Clinton for short-term rehabilitation on or about May 5, 2020 following quadruple bypass surgery.

17. On March 13, 2020, the South Carolina Department of Health and Environmental Control restricted Nursing Homes and Community Residential Care Facilities visitation to end-of-life situations.

18. Upon information and belief, after March 13, 2020, Defendant continued to allow visitation in non end-of-life situations.

19. Upon information and belief, Defendant did not adequately screen or test their staff for COVID-19.

20. Upon information and belief Defendant did not adequately screen visitors for COVID-19 symptoms or potential exposure.

ELECTRONICALLY FILED - 2020 Oct 19 12:56 PM - LAURENS - COMMON PLEAS - CASE#2020CP3000930

21. Upon information and belief, Defendant did not adequately screen or test admitted patients/residents for COVID-19.

22. Defendant did not require staff to wear masks in the facility or while treating or otherwise interacting with residents.

23. Upon information and belief, Defendant fostered an environment wherein it was acceptable for staff member to not wear masks in the facility and around residents.

24. Defendant did not reasonably adhere to the then applicable Public Health Guidelines during Burnadette Muratore's residency.

25. Specifically, NHC Clinton staff members did not wear masks while treating or otherwise interacting with Burnadette Muratore.

26. As a direct result of Defendant's failure to implement adequate safety measures or reasonably adhere to the then applicable Public Health Guidelines, NHC Clinton staff members contracted COVID-19 beginning on or about June 10, 2020.

27. According to the NHC Clinton website as of July 7, 2020, 9 (nine) staff members tested positive for COVID-19.

28. Despite evidence of the spreading COVID-19 infection, NHC Clinton continued to fail to adhere to the then applicable Public Health Guidelines and continued to fail to require masks be worn in the facility and around residents.

29. On July 7, 2020, NHC Clinton informed Plaintiff that she had been exposed to nurse infected with COVID-19.

30. NHC Clinton quarantined Plaintiff along with the entire wing of the facility.

31. On July 9, 2020, Burnadette Muratore began experiencing shortness of breath and coughing.

ELECTRONICALLY FILED - 2020 Oct 19 12:56 PM - LAURENS - COMMON PLEAS - CASE#2020CP3000930

ELECTRONICALLY FILED - 2020 Oct 19 12:56 PM - LAURENS - COMMON PLEAS - CASE#2020CP3000930

32. Burnadette Muratore's COVID-19 related symptoms progressed until she required hospitalization and was admitted to Prisma Health-Laurens on July 13, 2020, where she was informed she was COVID-19 positive.

33. Burnadette Muratore died on July 20, 2020 as a result of COVID-19 and its associated, related symptoms which she contracted as a result of exposure at Defendant NHC Clinton's facility.

34. Rehabilitation facilities and nursing homes were aware that individuals 65 years and older and those with underlying health conditions are at an increased risk of developing severe symptoms if infected with the virus.

35. Rehabilitation facilities and nursing homes were aware that they had a susceptible patient population and conditions that were ripe for cases to spread among their vulnerable residents and patients.

36. These same rehabilitation facilities and nursing homes were on notice that if they did not follow recommended guidelines and safety precautions, they were exposing an entire vulnerable patient population to a deadly virus.

**FOR A FIRST CAUSE OF ACTION**
**(General Negligence, Wrongful Death, and Survival)**

37. The Plaintiff re-alleges and reiterates paragraphs one (1) through fifty-two (52) as though fully set forth herein verbatim.

38. Plaintiff, as personal representative of the Estate of Burnadette Muratore, asserts causes of action for wrongful death and survival pursuant to S.C. Code Ann. §§ 15-51-10 *et seq*.

39. Defendant undertook the duty to render routine, ministerial, administrative, and/or non-medical care to Burnadette Muratore.

40. Defendant had a non-delegable duty to provide necessary and proper staff adequately trained and able to provide any routine and/or non-medical care to patients.

41. Upon information and belief, the Defendant had the right or power to direct and control the manner in which its employees and/or agents provide care and operate the business of delivering routine, general, ministerial, and/or non-medical care.

42. Defendant had a duty to protect Burnadette Muratore from exposure to the COVID-19 virus while she was a resident at their facility.

43. Defendant had a duty to inform Burnadette that there were people who were employees in the facility who had been exposed to COVID-19 and had contracted the virus.

44. Defendant had a duty to screen its staff for COVID-19.

45. Defendant had a duty to screen visitors for COVID-19.

46. Defendant had a duty to screen patients for COVID-19.

47. Notwithstanding said undertaking, and while Burnadette Muratore was under the care of the Defendant, the Defendant breached its duties for reasonable care to Plaintiff and was thereby negligent, grossly negligent, reckless, and in violation of the duties owed to Plaintiff and are therefore liable for one or more of the following acts of omission or commission:

   a. Defendant failed to communicate with their residents and residents' families;

   b. Defendant failed to act in a way that would be appropriate to a member of the general public;

   c. Defendant failed to render proper routine care;

   d. Defendant failed to render proper ministerial care;

   e. Defendant failed to render proper administrative care;

   f. Defendant failed to render proper non-medical care;

   g. Defendant failed to communicate the known exposure of a potentially deadly virus outbreak within the facility;

   h. Defendant failed to communicate critical information in an effective and urgent manner;

ELECTRONICALLY FILED - 2020 Oct 19 12:56 PM - LAURENS - COMMON PLEAS - CASE#2020CP3000930

ELECTRONICALLY FILED - 2020 Oct 19 12:56 PM - LAURENS - COMMON PLEAS - CASE#2020CP3000930

    i.   Defendant failed to train their employees, nurses, physicians, and/or agents in an appropriate manner; and

    j.   In such other particulars as may be ascertained through discovery.

48.    As a direct and proximate result of the negligence, gross negligence and reckless departures from industry standards and standards of care by the Defendant and its agents and/or employees, Burnadette Muratore incurred medical bills, experienced pain and suffering, underwent mental anguish and anxiety, contracted and suffered from a deadly virus, and ultimately and untimely died of COVID-19 related congestive heart failure. Plaintiff is entitled to recover an amount of actual, consequential damages and punitive damages from the Defendant in an amount to be determined by a jury at trial.

## FOR A SECOND CAUSE OF ACTION
**(Negligent Hiring/Training/Supervision)**

49.    The Plaintiff re-alleges and reiterates paragraphs one (1) through sixty-four (64) as though fully set forth herein verbatim.

50.    The Defendant owed a duty to the patient population, or potential population to properly supervise and entrust administrators, physicians, nurses, and aides to the patients.

51.    The Defendant breached its duties and were thereby negligent, grossly negligent, reckless and acted in violation of the duties owed to Burnadette Muratore, and those similarly situated, in that they committed one or more of the following acts of omission or commission, any or all of which were departures from the prevailing standards of care:

    a.   In failing to ensure that the employees that interacted with Bernadette Muratore had the proper supervision and direction to competently provide and treat patients such as Burnadette Muratore;

    b.   In failing to conduct a proper screening of the employees that provided care to Burnadette Muratore before allowing them to interact with patients such as Burnadette Muratore in NHC Clinton;

ELECTRONICALLY FILED - 2020 Oct 19 12:56 PM - LAURENS - COMMON PLEAS - CASE#2020CP3000930

    c. In failing to have in place policies and procedures for supervising administrators, physicians, nurses, and aides;

    d. In generally failing to use the degree of care and caution that reasonably prudent entities would have used under the same or similar circumstances;

    e. And in such other particulars as will be proven at trial.

52. As a direct and proximate result of the negligence, gross negligence and reckless departures from industry standards and standards of care by the Defendant and its agents and/or employees, Burnadette Muratore incurred medical bills, experienced pain and suffering, underwent mental anguish and anxiety, contracted and suffered from a deadly virus, and ultimately and untimely died of COVID-19 related congestive heart failure. Plaintiff is entitled to recover an amount of actual, consequential damages and punitive damages from Defendant in an amount to be determined by a jury at trial.

## FOR A THIRD CAUSE OF ACTION
### (Gross Negligence)

53. The Plaintiff re-alleges and reiterates paragraphs one (1) through sixty-eight (68) as though fully set forth herein verbatim.

54. The Defendant undertook the duty to render general care to Burnadette Muratore in accordance with the prevailing professional standards in the national community.

55. Notwithstanding said undertaking, and while Burnadette Muratore was under the Defendant's care, the Defendant departed from prevailing and acceptable standards in a grossly negligent and/or reckless manner.

56. As a direct and proximate result of the negligence, gross negligence and reckless departures from industry standards and standards of care by the Defendant and its agents and/or employees, Burnadette Muratore incurred medical bills, experienced pain and suffering, underwent mental anguish and anxiety, contracted and suffered from a deadly virus, and ultimately and untimely

ELECTRONICALLY FILED - 2020 Oct 19 12:56 PM - LAURENS - COMMON PLEAS - CASE#2020CP3000930

died of COVID-19 related symptoms. Plaintiff is entitled to recover an amount of actual, consequential damages and punitive damages from Defendants in an amount to be determined by a jury at trial.

## FOR A FOURTH CAUSE OF ACTION
### (Premises Liability)

57.  Plaintiff re-alleges and reiterates paragraphs one (1) through seventy-two (72) as though fully set forth herein verbatim.

58.  That the Defendant, individually and by and through the aforementioned actions or omissions of its agents and servants, employees, and/or subsidiaries, who were acting within the scope and employment of said agency, service and/or employment were negligent, reckless, careless, willful, wanton, and/or grossly negligent in the following particulars to wit:

   a. In permitting the premises to remain in its current un-kept, un-maintained, and un-sanitized condition, thus creating a hazardous condition that the Defendant knew or should have known that such created an unreasonable risk of injury to Burnadette Muratore and other patients;

   b. In failing to keep their premises free from the hazard presented by COVID-19;

   c. In failing to properly and adequately warn the Plaintiff or other patients of unreasonable risks or hazards which existed on the Defendant's premises, specifically the existence of COVID-19 positive patients and staff;

   d. In failing to exercise that degree of care which a reasonably prudent healthcare provider would exercise under the same and similar circumstances;

   e. In failing to maintain a reasonably safe environment for its patients;

   f. In failing to exercise that degree of due care and caution that a reasonable prudent healthcare provider would have used under same or similar circumstances;

   g. In failing to screen employees, visitors, and patients for COVID-19;

   h. In allowing continued visitation after March 13, 2020;

   i. In concealing a condition or activity on the premises such that reasonable patient would not apprehend the presence of COVID-19 upon admission;

ELECTRONICALLY FILED - 2020 Oct 19 12:56 PM - LAURENS - COMMON PLEAS - CASE#2020CP3000930

j. In failing to have policies and procedures in place for the disinfecting or cleaning of the premises and thoroughfares or if such policies and procedures existed, in failing to follow the same;

k. In operating the business and maintaining its premises in utter disregard for the safety of its invitees; and,

l. In all other and further particulars that the evidence at trial may show.

59. All of which combined and concurred as a direct and proximate result the injuries that the Plaintiff alleged herein thus, in violations of the statutes and common law of the State of South Carolina.

60. As a direct and proximate result of the negligence, gross negligence and reckless departures from industry standards and standards of care by the Defendant and its agents and/or employees, Burnadette Muratore incurred medical bills, experienced pain and suffering, underwent mental anguish and anxiety, contracted and suffered from a deadly virus, and ultimately and untimely died of COVID-19 related congestive heart failure. Plaintiff is entitled to recover an amount of actual, consequential damages and punitive damages from Defendant in an amount to be determined by a jury at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against the Defendant for actual damages, consequential damages, special damages, and punitive damages in an amount to be determined by the jury at the trial of this action, for the costs and disbursements of this action and for such other and further relief as this court deems just and proper.

The Plaintiff demands a jury trial.

~Signature Page Follows~

ELECTRONICALLY FILED - 2020 Oct 19 12:56 PM - LAURENS - COMMON PLEAS - CASE#2020CP3000930

        Respectfully submitted,

        s/*J. Eric Cavanaugh*
        J. Eric Cavanaugh, S.C. Bar No. 100044
        Joseph O. Thickens, S.C. Bar No. 101398
        William H. Yarborough, Jr., S.C. Bar No. 102868
        Cavanaugh & Thickens, LLC
        1324 Gadsden Street (29201)
        Post Office Box 2409
        Columbia, SC 29202
        Tel:   (803) 888-2200
        Fax:  (803) 888-2219
        eric@ctlawsc.com
        joe@ctlawsc.com
        will@ctlawsc.com

        **ATTORNEYS FOR PLAINTIFF**

Columbia, South Carolina

October 19, 2020

- 13 -