UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gerald Colpitts, as Personal Representative of the Estate of Bernadette Muratore, <br><br>  Plaintiff, <br><br> v. <br><br> NHC Healthcare Clinton, LLC and Charles Holder, individually and in his capacity as Administrator of NHC Healthcare Clinton, LLC <br><br>  Defendants. | Case No.: **6:20-cv-04065-DCC** <br><br> **DEFENDANTS' MOTION AND MEMORANDUM TO DENY JOINDER OF CHARLES HOLDER** |

Defendants NHC HealthCare/Clinton, LLC (improperly identified as NHC Healthcare Clinton, LLC), and Charles Holder (collectively, Defendants) by and through their undersigned counsel, respectfully submits this Motion and Memorandum to Deny Joinder of Charles Holder.

Defendant files the present Motion and Memorandum requesting the Court exercise its discretion pursuant to 28 U.S.C. § 1447 to deny joinder of Mr. Holder under the *Mayes*[1] factors. Defendant specifically requests the Court deny joinder Charles Holder as a defendant to this matter on the grounds Plaintiff has joined him only to defeat federal jurisdiction; has been dilatory in joining him; will suffer no injury if his joinder is denied; and the equities lie in favor of denying joinder.

Contemporaneous with this Motion, Defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6), asserting lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, respectively, and grounded in preemption and immunity from Plaintiff's claims pursuant to Federal law. Defendants request that, regardless of how the Court rules on present Motion, the Court proceed with ruling on

---

[1] *Mayes v. Rapoport*, 198 F.3d 457, 461–64 (4th Cir. 1999).

Page **1** of **11**

Defendants' Motion to Dismiss (ECF #2) because the Court still has subject matter jurisdiction over the claims pursuant to 28 U.S.C. § 1331.

## PROCEDURAL HISTORY

Plaintiff filed his Original Summons and Complaint (ECF #1-1) in the Circuit Court of the State of South Carolina for Laurens County on October 19, 2020. NHC Clinton, the lone defendant at that time, was served with the Summons and Complaint on October 27, 2020. NHC Clinton timely filed its Notice of Removal (ECF #1) as required by 28 U.S.C. § 1446(b). Plaintiff did not file a Motion to Remand or otherwise challenge this Court's jurisdiction.

Contemporaneous with the filing of the Notice of Removal, NHC Clinton filed a Motion to Dismiss and Supporting Memorandum (ECF #2 and #2-1) on the grounds Plaintiff's claims are preempted by, and NHC Clinton has immunity through, the PREP Act. Plaintiff filed his Response to NHC Clinton's Motion to Dismiss (ECF #3) on December 4, 2020.

On December 9, 2020, two days prior to the deadline for NHC Clinton to file its Reply to Plaintiff's Response, Plaintiff filed an Amended Summons and Complaint (ECF #4) naming, for the first time, NHC Clinton's Administrator Charles Holder as a defendant. This Court issued a text order on December 11, 2020 (ECF #5) finding as moot NHC Clinton's Motion to Dismiss based on the filing of the Amended Complaint.

NHC Clinton filed the present Motion contemporaneous with Defendants' Motion to Dismiss.

## ALLEGATIONS IN ORIGINAL COMPLAINT

In his Original Complaint, Plaintiff alleged Bernadette Muratore (Decedent) was admitted to NHC Clinton on May 5, 2020, during the COVID-19 pandemic, and following quadruple bypass surgery and an admission to a long-term acute care facility. *See* ECF #1-1, ¶

16.

For sake of brevity, the individual allegations will not be recited, but Plaintiff's claims are alleged to sound in (1) general negligence; (2) negligent hiring, training, and supervision; (3) gross negligence; and (4) premises liability. Plaintiff contended, that as a direct and proximate of NHC Clinton's and its employees' alleged negligence, Decedent contracted COVID-19 and died of COVID-19 related symptoms.

## ALLEGATIONS IN AMENDED COMPLAINT

Again, for sake of brevity—and because they are identical to those contained in the Original Complaint—the allegations of Plaintiff's Amended Complaint are not recited herein. Plaintiff's Amended Complaint contains one distinct difference from his Original Complaint: naming NHC Clinton's Administrator Charles Holder as a defendant. The remainder of the Amended Complaint (other than typographical edits such as changing "Defendant" to "Defendants") is identical to the Original Complaint. Notably, outside of the case caption, the Amended Complaint contains only two references to Mr. Holder:

1) That Mr. Holder is a resident and citizen of Clinton, South Carolina and is the Administrator of NHC Clinton (ECF #4, ¶ 4). An equivalent paragraph did not exist in Plaintiff's Original Complaint because, understandably, Mr. Holder was not a named defendant at the time; and

2) "That the Defendants, individually and by and through the aforementioned actions or omissions of its agents and servants, *specifically the Defendant Holder*, and/or subsidiaries … were negligent … in the following particulars to wit" (ECF #4, ¶ 59) (emphasis added).

Interestingly, the Amended Complaint alleges this Court has subject matter jurisdiction

over this action and the claims set forth in the Amended Complaint.  ECF #4, ¶ 9.  This allegation is peculiar because, if Mr. Holder was added strictly for purposes of defeating diversity jurisdiction, it would appear Plaintiff agrees this Court has 28 U.S.C. § 1331 federal question subject matter jurisdiction over the claims (as asserted in NHC Clinton's Notice of Removal) as the Court could not exercise 28 U.S.C. § 1332 diversity subject matter jurisdiction over the claims given the alleged citizenship of Plaintiff and Mr. Holder.  For similar reasons, it is confusing why Plaintiff alleges venue is appropriate in Laurens County, South Carolina pursuant to S.C. Code Ann. § 15-7-30.  ECF #4, ¶ 10.

## APPLICABLE LAW

## IMPORTANCE OF THE RIGHT OF REMOVAL

"The very fact that Congress has provided defendants with the right of removal indicates that the removal right 'is at least as important as the plaintiff's right to the forum of his choice,' and the statutory right to removal should not be 'easily overcome by tactical maneuvering by plaintiffs.'"  *Linnin v. Michielsens*, 372 F.Supp.2d 811, 816–17 (E.D.Va. 2005) (quoting *Mulcahey v. Columbia Organic Chem. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994)).  Because remand is not reviewable on appeal or otherwise and, as a result, a defendant ordinarily forever loses its right to a federal forum upon remand, caution should be exercised so that a defendant is not erroneously deprived of its right to a federal forum.  *See Linnin*, *supra*; *Cheshire v. Coca–Cola Bottling Affiliated, Inc.,* 758 F.Supp. 1098, 1100 (D.S.C. 1990); 28 U.S.C. § 1447(d).  As such, "the Federal courts may and should take such action as will defeat attempts to wrongly deprive parties entitled to sue in the Federal courts of the protection of their rights in those tribunals."  *Alabama Great S. Ry. Co. v. Thompson*, 200 U.S. 206, 218 (1906).  Courts are obligated to ensure the removal procedure is fair to "both plaintiffs and defendants alike."

*McKinney v. Bd. Of Tr. Of Mayland Cmty. Coll.*, 955 F.2d 924, 927 (4th Cir. 1992).

## 28 U.S.C. § 1447(E) and DENIAL OF JOINDER

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State Court." 28 U.S.C. § 1447(e). Under the statute "a district court has authority to reject post-removal joinder that implicates 28 U.S.C. § 1447(e), even if the joinder was without leave of court." *Mayes*, 198 F.3d at 462, n. 11. Such decisions are left to the sound discretion of the court. *Mayes*, 198 F.3d at 462.

"[I]n exercising this discretion, the district court is 'entitled to consider all relevant factors, including: the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities.'" *Greenspan v. Brothers Property Corp.*, 103 F.Supp.3d 734, 737 (D.S.C. 2015) (quoting *Mayes*, 198 F.3d at 462). Courts should be especially wary of instances where a plaintiff seeks to add a non-diverse defendant immediately after removal, but before any additional discovery has taken place, because such amendments plainly appear to be made for the specific purpose of avoiding federal jurisdiction. *See Mayes*, 198 F.3d at 463. As mentioned above, careful scrutiny of these attempts is necessary to protect the diverse defendant's interests in a Federal forum. *Id*.

Because the Federal court already possesses jurisdiction after the case has been removed, the Federal court "can simply decline to permit joinder of the nondiverse defendant" where allowance would extinguish diversity jurisdiction. *Mayes*, 198 F.3d at 463 (citing *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 678 (5th Cir. 1999). That is, the Federal court need not consider the

fraudulent joinder doctrine as part of its 28 U.S.C. § 1447(e) analysis.

## ARGUMENTS

1. **The Court should exercise discretion and decline joinder of Charles Holder as a defendant to this matter under 28 U.S.C. § 1447(e).**

Without recitation of each and every allegation in the Complaints, NHC Clinton would note the following particularities between the Complaints:

a. Mr. Holder has been added as a defendant in the caption to the Amended Complaint;

b. Paragraphs 1 through 3 are exactly identical;

c. Paragraph 4 of the Amended Complaint is a new Paragraph. However, the Paragraph's allegations are limited to Mr. Holder being a resident and citizen of Clinton South Carolina and that he is the Administrator of NHC Clinton;

d. Paragraphs 4 through 60 of the Original Complaint directly correspond with Paragraphs 5 through 61 of the Amended Complaint. The differences contained within the allegations of the Amended Complaint are limited to:

   a. Changing of "Defendant" to "Defendants" in 45 instances;

   b. Changing of "is" to "are" in a single instance (*see* ECF #4, ¶ 8);

   c. Changing of "its" to "their" in a single instance (*see* ECF #4, ¶ 53); and

   d. Adding "specifically the Defendant Holder" in one instance (*see* ECF #4, ¶ 59);

As noted in the above-cited *Mayes* and *Greenspan* opinions, courts are entitled to consider several factors when determining whether to allow joinder of a non-diverse party who would defeat the court's already existing diversity subject matter jurisdiction. These factors include "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Mayes*, *supra*; *Greenspan*, *supra*. When considering these factors with respect to the case at bar,

the Court should deny joining Mr. Holder as a defendant to this matter.

First, it is abundantly clear the sole purpose of Plaintiff's amendment is to defeat federal diversity jurisdiction. Plaintiff did not name Mr. Holder as a defendant or make any allegations against him in the Original Complaint. Plaintiff also fails to make any true substantive allegations against him in his Amended Complaint. The only two paragraphs which contain any reference to Mr. Holder: (1) allege he is a South Carolina citizen and the Administrator of NHC Clinton; and (2) allege he was one of NHC Clinton's employees who was negligent. The first allegation only goes to Mr. Holder's citizenship, not to any fact underlying Plaintiff's causes of action. Interestingly, the second allegation as to Mr. Holder is an exact copy and paste of the same paragraph in the Original Complaint (ECF #1-1, ¶ 58), only with the phrase "specifically the Defendant Holder" added. A plain reading of the Original Complaint indicates specific reference to Mr. Holder is unnecessary as he is, admittedly, an employee of NHC Clinton. Also, the particular alleged acts of negligence (i.e., the substantive allegations) contained within the Amended Complaint are the same. Plaintiff has not so much as added a single particular act unique to Mr. Holder that was not already included in the Original Complaint. The lack of any additional substantive allegations or claims specific to Mr. Holder is *prima facie* evidence of Plaintiff's true intent.

Furthermore, Plaintiff cannot claim lack of knowledge of Mr. Holder as explanation as to why he was not included in the Original Complaint. Mr. Holder is listed as NHC Clinton's Administrator or contact on the South Carolina Healthcare Association[2] and South Carolina Department of Health & Environmental Control[3] websites, both of which are public. It is also

---

[2] *See* https://www.schca.org/facility-finder/nhc-healthcare-clinton/.

[3] *See* https://scdhec.gov/sites/default/files/docs/Health/docs/LicensedFacilities/hrnh.pdf and https://scdhec.gov/sites/default/files/docs/Health/docs/LicFac/laurens.pdf.

telling that Plaintiff named Mr. Holder as a defendant without so much as having to request his identity from opposing counsel. Based on similar circumstances, several courts have found this factor to weigh in favor of non-joinder.[4]

Second, although Plaintiff has not been dilatory in the traditional sense, it is important to note that Plaintiff did not join Mr. Holder until *after* Plaintiff filed his response opposing NHC Clinton's Motion to Dismiss. Rather than immediately moving to amend his pleading and join Mr. Holder, Plaintiff instead chose to argue the merits of NHC Clinton's Motion and, nearly on the eve of when NHC Clinton's Reply was due, filed his Amended Complaint and sought joinder. On its face, this again appeared to be a last-ditch effort to usurp this Court's subject matter jurisdiction and render NHC Clinton's Motion to Dismiss moot. *See English*, *supra* (finding the plaintiff having argued the motion to dismiss then moving to amend to add a non-diverse defendant evidenced the plaintiff was dilatory).

Third, Plaintiff will suffer no injury if joinder is denied. Mr. Holder is the Administrator of NHC Clinton. As an employee, he is covered under the same liability coverage as NHC Clinton. In fact, Plaintiff alleges NHC Clinton is vicariously liable for any acts of Mr. Holder; thus, it would appear Plaintiff intends to seek recovery of any award against Mr. Holder via NHC Clinton.[5] As such, Plaintiff would not be losing out on any additional liability coverage or

---

[4] *See e.g., See Hickerson v. Enterprise Leasing Company of Georgia, LLC*, 818 Fed.Appx. 880, 885–86 (11th Cir. 2020) (holding the plaintiff's motive in adding a non-diverse defendant was to destroy federal jurisdiction where the plaintiff knew of the non-diverse defendant well before removal); *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 309 (8th Cir. 2009) (noting the plaintiff knew about the new parties before removal); *English v. Otis Elevator Company*, 2020 WL 1443261, *3 (D.S.C. Mar. 25, 2020) ("To the extent the Proposed Amended Complaint seeks to add a nondiverse defendant, the timing and other circumstances suggest amendment is intended primarily if not solely to defeat subject matter jurisdiction. This is, in part, because the Motion to Amend was filed not long after removal and predates any discovery in this matter (thus, English did not need discovery to learn Heyward's identity)."); *id.* ("This conclusion is further supported by Plaintiff's failure to name *any substitute fictitious defendant* in her Original Complaint, despite filing the action only two days before expiration of the three-year statute of limitations applicable to any negligence claim. Thus, the Original Complaint does not suggest an intent to hold any employee or independent contractor of Otis responsible for English's injuries.").

[5] As discussed in Defendants' Motion to Dismiss, because Plaintiff's claims are preempted by and subject to

potential defendant from which he could recover. Additionally, Plaintiff's Original Complaint already encompasses allegations against Mr. Holder. The Original Complaint alleges NHC Clinton's agents, servant, employees, and/or subsidiaries were negligent; the Amended Complaint only seeks to unnecessarily clarify that these employees include Mr. Holder. This is a trivial amendment, serving no substantive purpose.[6] *See Hickerson*, *supra* (holding the third factor weighed in favor of non-joinder because non-joinder would not deny the plaintiff opportunity for a full remedy).

Finally, as discussed in greater detail below, it is important to note that even if joinder is allowed, this Court still has subject matter jurisdiction over the claims pursuant to 28 U.S.C. § 1331. As noted above, Plaintiff may very well agree with this as evidenced by Paragraph 9 of his Amended Complaint. For sake of brevity, NHC Clinton adopts and incorporates the arguments regarding this Court having federal question subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 from its Notice of Removal and Defendants' Motion to Dismiss contemporaneously filed with this Motion as if stated verbatim herein. Thus, Plaintiff's efforts of destroying subject matter jurisdiction by joining Mr. Holder are, frankly, futile.

2. **Even if the Court joins Mr. Holder as a defendant to this matter, the Court still has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.**

Although Plaintiff seeks to defeat altogether this Court's subject matter jurisdiction by

---

immunity from the PREP Act, Plaintiff's first line of recovery is through the Countermeasures Injury Compensation Program. Only if Plaintiff were to first exhaust that available administrative remedy and successfully bring a willful misconduct claim in the United States District Court for the District of Columbia could he recover directly against Defendants.

[6] It is also important to note the South Carolina Long Term Health Care Administrators statute (S.C. Code Ann. §§ 40-35-5 to -260) does not provide for a right of action against a nursing home administrator by a resident. Although Defendants' counsel is not aware of a South Carolina ruling directly on point with this issue, other courts have come to the same conclusion when faced with similar statutory language. *Cf. Mariner Health Care, Inc. v. Estate of Edwards*, 964 So.2d 1138, 1156 (Miss. 2007) ("[N]ursing home licensees and administrators owe duties to their employers, but … owe no common-law or statutory duty to the residents of the home."); *Howard v. Estate of Harper*, 947 So.2d 854 (Miss. 2006) (analyzing the analogous Mississippi statutes and holding no third-party cause of action exists for breach of a licensing statute).

joining Mr. Holder, Plaintiff ignores the fact that this Court's subject matter jurisdiction in this case is not limited to diversity under 28 U.S.C. § 1332. Rather, this Court also has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

As detailed more fully in NHC Clinton's Notice of Removal and Defendants' Motion to Dismiss, Plaintiff's claims arise out of Defendants' use of covered countermeasures and, thus, fall squarely within the purview of the PREP Act's preemption and immunity provisions. NHC Clinton adopts and incorporates the arguments in the preceding documents as stated verbatim herein.

Again, Plaintiff's Amended Complaint pointedly states this Court has jurisdiction over the matter, and NHC Clinton agrees with that position. Because the Court could obviously not exercise diversity jurisdiction if Mr. Holder were joined pursuant to 28 U.S.C. § 1447(e), the logical inference from Plaintiff's jurisdictional allegation is that the claims arise under Federal law and, accordingly, the Court's jurisdiction lies in 28 U.S.C. § 1331.

## **CONCLUSION**

For the foregoing reasons, the Court should deny joinder of Mr. Holder as a defendant. However, regardless of whether Mr. Holder is joined, the Court should proceed with ruling on the Motion to Dismiss as the Court still has subject matter jurisdiction over the claims under 28 U.S.C. § 1331.

{SIGNATURE PAGE TO FOLLOW}

                    **RICHARDSON PLOWDEN & ROBINSON, PA**

                    s/*Zachary B. Hayden*
                    William C. McDow [6359]
                    Shelton W. Haile [9637]
                    Zachary B. Hayden [12932]
                    1900 Barnwell St.
                    P.O. Drawer 7788
                    Columbia, SC  29202
                    (803) 771-4400
                    bmcdow@richardsonplowden.com
                    shaile@richardsonplowden.com
                    zhayden@richardsonplowden.com
                    *Attorneys for Defendants NHC HealthCare/Clinton, LLC (improperly identified as NHC Healthcare Clinton, LLC) and Charles Holder*

December 13, 2020