# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Gerald Colpitts, as Personal Representative of the Estate of Bernadette Muratore,** | Case No.: 6:20-cv-04065-DCC |
| **Plaintiff,** | |
| v. | **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION AND MEMORANDUM TO DENY JOINDER OF CHARLES HOLDER** |
| **NHC Healthcare Clinton, LLC,** | |
| **Defendants.** | |

Plaintiff hereby submits the following Memorandum in Response to Defendant's Motion to Deny Joinder:

**PROCEDURAL HISTORY**

Plaintiff filed his Summons and Complaint in Laurens County Court of Common Pleas on October 19, 2020 and subsequently served Defendant NHC Healthcare Clinton, LLC on October 27, 2020 ("Defendant NHC"). (ECF 1-1). Defendant NHC filed a Notice of Removal on November 23, 2020 stating multiple bases for removal including:

- 28 U.S.C. § 1332 – Diversity of Citizenship;

- 28 U.S.C. § 1331 – complete preemption of state law claims pursuant to the Public Readiness and Emergency Preparedness Act ("PREP Act") at 42 U.S.C. §§ 247d-6d–e; and,

- 28 U.S.C. § 1442(a)(1) – Original Federal Jurisdiction.

(*See* ECF 1). On November 24, 2020, Defendant NHC filed a Motion to Dismiss Plaintiff's Complaint based on various claimed PREP Act protections. (ECF 2). Eleven days after Defendant filed its Motion to Dismiss, and notably less than six months after Plaintiff's decedent's cause of

action arose, Plaintiff filed an Amended Complaint to add Defendant Charles Holder as a Matter of Course pursuant to Rule 15(a), Federal Rules of Civil Procedure. (ECF 4). Defendants correctly note in their Memorandum to Deny Joinder that Plaintiff has not filed a Motion to Remand. (ECF 6 at 2).

## LEGAL STANDARD

Rule 15 is a "liberal rule [that] gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey,* 438 F.3d 404, 426 (4th Cir. 2006). "[A] district court has the authority to reject a post-removal joinder that *implicates 28 U.S.C. § 1447(e)*, even if the joinder was without leave of court." *Mayes v. Rapoport*, 198 F.3d 457, 462 (4th Cir. 1999) (emphasis added) (internal citations omitted).

"In exercising its discretion under Section 1447(e), the district court [is] entitled to consider all relevant factors, including: 'the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities.'" *Id*. at 462–3 (quoting *Coley v. Dragon Ltd.,* 138 F.R.D. 460, 465 (E.D.Va.1990)). "The fraudulent joinder doctrine can be yet another element of the district court's 'flexible, broad discretionary approach' to resolving a post removal question of whether a nondiverse defendant should be joined under Section 1447(a)." *Id*. at 463 (quoting *Gum v. General Electric Co.,* 5 F.Supp.2d 412, 415 (S.D.W.Va.1998)). Apart from the fraudulent joinder doctrine, courts consider other interests when determining whether to permit joinder, including the "danger of parallel lawsuits in federal and state court, which may spawn inconsistent results and the inefficient use of judicial resources." *Id*. at 464 (internal citation omitted).

## ARGUMENT

Initially, Plaintiff would note that the Defendants' Motion to Deny Joinder is improper. The entire premise of Defendants' argument is that the Federal Court can and should decline to permit joinder of Defendant Holder because the allowance "would extinguish diversity jurisdiction." (ECF 6 at p. 5). In furtherance of their argument, Defendants rely on the discretion given to the trial court under 28 U.S.C. § 1447(e). However, *Mayes* makes clear that "a district court has the authority to reject a post-removal joinder that implicates 28 U.S.C. § 1447(e)". *Mayes* 198 F.3d at 462. A plain reading of 28 U.S.C. § 1447(e) makes clear that the statute is not implicated simply because an amendment may "extinguish *diversity jurisdiction*." Instead, 28 U.S.C. § 1447(e) only applies where "the plaintiff seeks to join additional defendants whose joinder would destroy *subject matter jurisdiction*". (emphasis added). As Plaintiff will address more fully *infra*, allowing joinder in this case does not necessarily destroy subject matter jurisdiction. Defendants acknowledge as much in their Motion to Deny Joinder, stating that "Plaintiff ignores the fact that this Court's subject matter jurisdiction in this case is not limited to diversity under 28 U.S.C. § 1332." (ECF 6 at 10).

Defendants Motion to Deny Joinder is an improper mechanism intended to prevent Plaintiff from adding a proper party to the litigation. If Defendants believe Plaintiff has no valid claims or has asserted no valid claims against Defendant Holder, proper mechanisms exist under the Federal Rules of Civil Procedure to adjudicate such concerns. However, as Defendants have not asserted such in the present Motion, Plaintiff respectfully requests that the Court deny Defendants' Motion to Deny Joinder without further inquiry. Should the Court make further inquiry, Plaintiff believes the factors presented by the *Mayes* court weigh in his favor and will address the same below.

### A. Defendant Charles Holder does not defeat federal jurisdiction based on the procedural posture of the case.

Defendants removed this case to the Federal Court, in part, on the basis of complete preemption pursuant to the PREP Act, 28 U.S.C. § 1331, and in the Court's original jurisdiction based on 28 U.S.C. § 1442(a)(1).  While Plaintiff does not endeavor to address the applicability of either § 1331 or § 1442 for the purposes of the issues presently before the Court, at the time Plaintiff filed his Amended Complaint, Defendants had already removed this matter pursuant to these statutes and Plaintiff's amendment could not have been for the purpose of defeating federal jurisdiction.

Defendants' Motion to Deny Joinder focuses on Plaintiff's purported intent "to defeat federal diversity jurisdiction"; however, defeating diversity jurisdiction is not one of the "relevant factors" which the *Mayes* Court identified.  Instead, the *Mayes* Court stated that a relevant factor to consider with regard to joinder is whether a plaintiff's amendment completely defeats federal jurisdiction. *Mayes* at 462–3 (internal citations omitted).  Defendants cannot, and therefore do not, argue that Plaintiff's amendment defeats federal jurisdiction given that they removed the matter on multiple bases.  Defendants readily claim within their Motion to Deny Joinder that "even if joinder is allowed, this Court still has subject matter jurisdiction over the claims pursuant to 28 U.S.C. § 1331." (ECF 6 at p. 9).  Because Defendants have asserted multiple bases for removal jurisdiction, allowing joinder of Defendant Holder does not defeat federal subject matter jurisdiction given the procedural posture of the case at this time.

### B. Plaintiff has not been dilatory in adding Defendant Holder.

Defendants state that, although Plaintiff was "not dilatory in the traditional sense", that he was somehow dilatory in filing an Amended Complaint after taking the time to draft a Response to Defendants' Motion to Dismiss.  (*See* ECF 6 at p. 8).  Boiled down, Defendants' argument is,

4

again, that Plaintiff is attempting to "usurp this Court's subject matter jurisdiction and render NHC Clinton's Motion to Dismiss moot." (ECF 6 at p. 8). Plaintiff has briefed, *supra*, why his amendment does not automatically strip the Court of subject matter jurisdiction. Moreover, Plaintiff would not have committed time and resources to drafting and filing a Response to Defendants' initial Motion to Dismiss if his goal was to simply render it moot. The current procedural setting of this case and Defendants' re-filed and pending Motion to Dismiss in this forum show that Plaintiff's motive could not be what Defendants claim.

In both the traditional and any other sense, Plaintiff's amendment was timely. Plaintiff filed his Amended Complaint before Defendants filed a responsive pleading. *See e.g. Domino Sugar Corp. v. Sugar Workers Local Union 392 of United Food & Commercial Workers Int'l Union*, 10 F.3d 1064, fn. 1 (4th Cir. 1993) ("This court recognizes that, under Fed.R.Civ.P. 15(a), a complaint may be amended without leave of the court when the defendant has not filed a responsive pleading. A motion to dismiss is not a responsive pleading for the purposes of Rule 15(a)."). Plaintiff would submit that filing an Amended Complaint during the time allowed to amend as a matter of course is dispositive of the fact that he was not dilatory. In fact, *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 742 (D.S.C. 2015), one of the cases Defendants' Motion to Deny Joinder relies on agrees: "The Court also finds that Plaintiff was not dilatory. He amended his complaint during the time allowed to amend as a matter of course under Fed.R.Civ.P. 15(a)." Plaintiff would also note that he filed his Amended Complaint less than six months after the cause of action arose, well within any statutory period that applies. Plaintiff would respectfully submit that his amendment was not dilatory and this factor should weigh in his favor.

### C. Plaintiff will be significantly injured if joinder is not allowed.

Defendants next argue that Plaintiff would not be injured if joinder is not allowed, primarily because Defendant Holder is covered under the same liability coverage as Defendant NHC. Plaintiff does not believe that his case is one of medical negligence and has pled both his original and amended Complaint alleging non-medical negligence; however, Plaintiff anticipates that Defendants may attempt to frame this case as one of medical negligence. If a court were to agree with Defendants, Plaintiff would surely be injured based on the noneconomic damages limit codified in S.C. Code Ann. § 15-32-220, which provides a statutory cap on recovery against a single provider, if Defendant Holder were not joined. Furthermore, as will be discussed in more detail below, if the Court denies joinder, Plaintiff will be forced to litigate the same case against two Defendants in either two different forums or in two separate cases in the same forum.

### D. Factors bearing on the equities favor joinder.

Although Defendants chose not to address fraudulent joinder in their Motion to Deny Joinder, "the fraudulent joinder doctrine can be yet another element of the district court's 'flexible, broad discretionary approach' to resolving a post removal question of whether a nondiverse defendant should be joined under Section 1447(e)." *Mayes*, 198 F.3d at 463 (quoting *Gum,* 5 F.Supp.2d at 414.). "In order to establish that a nondiverse defendant has been fraudulently joined, the removing party must establish either: '[T]hat there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or [T]hat there has been outright fraud in the plaintiff's pleading of jurisdictional facts.'" *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993) (quoting *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir.1981)) (emphasis in original). A court, in determining whether joinder is fraudulent, is

not bound by the pleadings but can determine the purpose of joinder considering the entire record. *See Mayes* at 464 (internal citations omitted).

In *Mayes*, which Defendants rely on heavily in their Motion, the Fourth Circuit ultimately allowed joinder where the plaintiffs were able to state a claim that established a cause of action against the in-state defendant in state court. *See id.* at 464–65. Like *Mayes*, Plaintiff has stated a claim establishing a cause of action against Defendant Holder in his Amended Complaint that would be viable in either the state or federal courts. If he had not, Defendants would have included such an argument in their pending motion to dismiss. (ECF 7). Plaintiff has a viable claim against Defendant Holder and, therefore, Defendants cannot establish fraudulent joinder.

Another equity in Plaintiff's favor follows from the fact that Defendants cannot establish fraudulent joinder or that Plaintiff does not have a claim against Defendant Holder. Namely, because Plaintiff has a viable cause of action against Defendant Holder, if the Court denies joinder, Plaintiff would be forced to file parallel litigation in state court. Such an action could "spawn inconsistent results and inefficient use of judicial resources." *Id*. at 464 (internal citation omitted). Practically, if the Court denies joinder, Plaintiff will file a separate lawsuit against Defendant Holder in state court. Defendants would then, in all likelihood, remove that action to this forum on the basis of § 1331 and § 1442 as they have done in the present case. Last, in order to prevent duplicative efforts within the same venue, one of the parties would then move to consolidate the actions, thereby returning the case to its current posture. As a result, Defendants Motion to Deny Joinder is an exercise in futility and Plaintiff respectfully requests that the Court deny the Motion as the equities favor joinder.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court deny Defendant's Motion to Deny Joinder because it is an improper mechanism given the procedural posture of the case and because the factors weigh in favor of allowing joinder.

                                        Respectfully Submitted,

                                        *s/ J. Eric Cavanaugh*
                                        J. Eric Cavanaugh, Fed. ID No. 11190
                                        Joseph O. Thickens, Fed. ID No. 11732
                                        William H. Yarborough, Jr., Fed. ID No. 12465
                                        Cavanaugh & Thickens, LLC
                                        1717 Gadsden Street (29201)
                                        Post Office Box 2409
                                        Columbia, South Carolina 29202
                                        Tel:    (803) 888-2200
                                        Fax:   (803) 888-2219
                                        eric@ctlawsc.com
                                        joe@ctlawsc.com
                                        will@ctlawsc.com

                                        **ATTORNEYS FOR THE PLAINTIFF**

Columbia, South Carolina
December 29, 2020