**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| **Gerald Colpitts, as Personal Representative of the Estate of Bernadette Muratore,** | Case No.: 6:20-cv-04065-JD |
| **Plaintiff,** | |
| v. | **PLAINTIFF'S SUR REPLY TO DEFENDANTS' MOTION TO DISMISS** |
| **NHC Healthcare Clinton, LLC and Charles Holder, individually and in his capacity as Administrator of NHC Healthcare Clinton, LLC,** | |
| **Defendants.** | |

Plaintiff Gerald Colpitts, as Personal Representative of the Estate of Bernadette Muratore, pursuant to the Court's Order granting leave to do the same, respectfully submits the following Sur Reply to Defendant's Motion to Dismiss and requests the Court deny Defendants' Motion to Dismiss.

**INTRODUCTION**

Defendants filed two supplemental replies to Plaintiff's Response to Defendants' Motion to dismiss after the parties fully briefed. (ECF No. 18 and 23). Defendants point out that there have been several developments with regard to the Public Readiness and Emergency Preparedness Act ("PREP Act"). Indeed, the outgoing Secretary of Health and Human Services issued Advisory Opinion 21-01 on January 8, 2021 and, on January 19, 2021, the last day of the former administration, a Statement of Interest was filed in a still undecided but similarly postured case. Further, as Defendants also reference, a solitary district court has held that the PREP Act preempts a plaintiff's claims. *Garcia v. Welltower OpCo Group LLC*, No.8:20-cv-0220-JVS-KESx, 2021 WL 492581 (C.D. Cal. Feb. 10, 2021).

However, Defendants do not make reference or otherwise discuss the additional nine (9) district court opinions that have rejected the arguments presented in their supplemental briefing and granted remand to plaintiffs in substantially similar cases following the publication of Advisory Opinion 21-01:

- *Estate of Smith by & through Smith v. Bristol at Tampa Rehab. & Nursing Ctr., LLC*, No. 8:20-CV-2798-T-60SPF, 2021 WL 100376 (M.D. Fla. Jan. 12, 2021);

- *Nathan Goldblatt v. HCP Prairie Village KS OpCo LLC, et al.*, No. 20-2489-DDC-KGG, 2021 WL 308158 (D. Kan. Jan. 29, 2021);

- *Roberta Anson, individually & as Special Adm'r of the Estate of Barbara Bell v. HCP Prairie Village KS OpCo LLC, et al.*, No. 20-2346-DDC-JPO, 2021 WL 308156, (D. Kan. Jan. 29, 2021);

- *Gordon Grohmann, Jr., individually & as Special administrator of Estate of Gordon Grohmann, Sr. v. HCP Prairie Village KS OpCo LLC, et al.*, No. 20-2304-DDC-JPO, 2021 WL 308550 (D. Kan. Jan. 29, 2021);

- *Dupervil v. All. Health Operations, LLC*, No. 20CV4042PKCPK, 2021 WL 355137, (E.D.N.Y. Feb. 2, 2021);

- *Lyons v. Cucumber Holdings, LLC*, No. CV2010571JFWJPRX, 2021 WL 364640, (C.D. Cal. Feb. 3, 2021);

- *Garnice Robertson v. Big Blue Healthcare d/b/a Riverbend Post-Acute Rehab, et al.*. No. 220CV02561HLTTJJ, 2021 WL 764566 (D. Kan. Feb. 26, 2021);

- *Quaumeeka Saunders v. Big Blue Healthcare d/b/a Riverbend Post-Acute Rehab, et al.*, No. 220CV02608HLTTJJ, 2021 WL 764567 (D. Kan. Feb. 26, 2021); and,

- *Lane Hatcher, individually & in a representative capacity for all persons identified by K.S.A. 60-1902; & as Special Adm'r of the Estate of Amanda Annette L'heureux v. HCP Prairie Village KS OpCo LLC & Sunrise Senior Living Management, Inc.*, No. 20-2374-SAC-JPO, 2021 WL 733326 (D. Kan. Jan. 27, 2021).

Additionally, all but one of the above opinions was published after the Statement of Interest referenced in Defendants' supplemental briefing. Finally, Plaintiff would note that the Central District of California, the same circuit from which the *Garcia* opinion Defendants rely on hails,

has also held that the PREP Act does not confer subject matter jurisdiction to the federal courts. *See Lyons*, 2021 WL 364640.

By Plaintiff's count, as of the time of filing of this brief, thirty-one (31) federal courts have addressed the issue of whether the PREP Act completely preempts a plaintiff's state law claims or otherwise confers subject matter jurisdiction on the federal courts. Of those thirty-one cases, thirty have rejected the notion that the PREP Act confers such jurisdiction, denied defendants' motion to dismiss, and remanded the case to state courts for further proceedings. The new opinions cited above, coupled with opinions previously cited by Plaintiff in his Response to Defendants' Motion to Deny Joinder (ECF No. 13) and his Response to Defendant's Motion to Dismiss (ECF No. 14), and opinions published in the interim, form the basis of an ever-growing body of case law that rejects Defendants' notion that this honorable Court has subject matter jurisdiction over Plaintiff's claims such that it could have been removed in the first place.

## ARGUMENT

### THE PREP ACT DOES NOT PREEMPT PLAINTIFF'S CLAIMS

Initially, Plaintiff respectfully submits that the arguments set forth in his prior briefings overcome Defendants' supplemental briefing, to include all of the developments Defendants discuss, without the need for further briefing. As a result, Plaintiff will not endeavor to re-brief what has already been filed. Instead, Plaintiff will address each of the arguments Defendants set forth in their supplemental briefing from the perspective of cases and opinions that have been entered since Advisory Opinion 21-01.

#### A. Advisory Opinion 21-01 should not be afforded *Chevron* deference.

Plaintiff cannot emphasize enough the analysis of whether to grant deference to Advisory Opinion 21-01 by the United States District Court for the Eastern District of New York in *Dupervil*

*v. All. Health Operations, LCC*, No. 20CV4042PKCPK, 2021 WL 355137 (E.D.N.Y. Feb. 2, 2021):

> Although the Secretary's Declaration under the PREP Act "must be construed in accordance with the Advisory Opinions of the Office of the General Counsel," Fourth Amended Declaration, 85 Fed. Reg. 79,194–95, the Advisory Opinion here expressly states that it "does not have the force or effect of law" (Advisory Opinion 21-01, Dkt. 17-1, at 5). Thus, even assuming that Congress intended to delegate authority to the Secretary and HHS's Office of the General Counsel "generally to make rules carrying the force of law," the Office of the General Counsel interpretation relied upon by Defendants here explicitly was not "promulgated in the exercise of that authority" and is not entitled to *Chevron* deference.

(internal citations omitted). In sum, Defendants' position is that the Court must give deference to an Advisory Opinion that did not claim the force or effect of law. Plaintiff believes this to be fatal to Defendants' argument without the need to examine *Chevron*. Plaintiff has already examined the two-step test presented in *Chevron* and presented his position that Congress's intent is clear such that no deference should be given to HHS in his Response to Defendants' Motion to Dismiss. (ECF No. 14). Thirty of thirty-one federal courts addressing the issue have agreed, finding the intent of Congress to be clear with " simply no room to read it as equally applicable to the <u>non</u>-administration or <u>non</u>-use of covered countermeasures." *Jackson v. Big Blue Healthcare, Inc.*, No. 2:20-CV-2259-HLT-JPO, 2020 WL 4815099, at *8 (D. Kan. Aug. 19, 2020).

**B. The PREP Act still does not preempt Plaintiff's claims.**

From the outset, it should be noted that Defendants do not argue that the PREP Act provides complete preemption so that the parties can proceed with litigating the case in this forum. Instead, Defendants have been clear at each stage of briefing that the ultimate position is that the PREP Act provides an exclusive remedy. However, the *Dupervil* Court recognized what Plaintiff has been arguing, that "the PREP Act is, at its core, an immunity statute; it does not create rights, duties, or obligations." *Dupervil*, No. 20CV4042PKCPK, 2021 WL 355137, at *9. Furthermore, "the PREP

4

Act does not provide the exclusive cause of action for claims that fall within its scope; in fact, for the most part, the Act provides no causes of action at all." *Id.* Instead, "the PREP Act confers primary jurisdiction over most claims within its scope not to the federal courts but to the Secretary" or, in cases involving willful misconduct, the PREP Act confers exclusive jurisdiction to the United States District Court for the District of Columbia and even then, only after a plaintiff has exhausted administrative remedies. *See id.*; *See also* 42 U.S.C. § 247d-6d(a)-(e). As Plaintiff has argued from the onset, and as recognized by a growing number of courts, the PREP Act does not provide an exclusive federal cause of action that can be heard by this Court – a fact fatal to Defendants' argument that complete preemption applies.

The incongruity of what Defendants are asking this Court to do cannot be overstated. Defendants are asking this Court to determine that it has jurisdiction through complete preemption such that this case was properly removed, but that the Court must then dismiss the action because the Court does not have jurisdiction over the Plaintiff's causes of action. "It would be 'internally inconsistent' to assert that a district court has jurisdiction for the purpose of removal but that the court must then dismiss the action because the statute confers primary jurisdiction on another adjudicative body." *Isufi v. Prometal Constr., Inc.*, 927 F. Supp. 2d 50, 58 (E.D.N.Y. 2013) (citing *Sullivan v. Am. Airlines, Inc.*, 424 F.3d 267 (2d Cir. 2005)).

### C. The *Grable* doctrine is not triggered.

Advisory Opinion 21-01 argues that the PREP Act creates federal question jurisdiction pursuant to the doctrine as espoused in *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005). However, as the *Dupervil* Court correctly notes, "[t]he Advisory Opinion's only guidance on the 'necessarily raised' factor is a selective (mis)quotation from *Grable*." *Dupervil* at *14. In reality, under *Grable* "the question is, does a [plaintiff's] state-law claim

necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable,* 545 U.S. at 314. "Grable premised its superior title claim on the IRS's failure to give adequate notice, as defined by federal law." *Id.* at 309. In other words, the plaintiff in *Grable*'s claim for relief "necessarily raised" a question of federal law. Unlike *Grable*, none of Plaintiff's claims for negligence, wrongful death, survival and/or premises liability raise any question of federal law.

HHS's position, as outlined in *Dupervil*, is that "once *Grable* is invoked, 'the court retains the case to decide whether immunity and preemption provisions apply; if they do not apply, then the court would try the case as a diversity case', presumably even if the parties, as here, are not diverse." *Dupervil* at \*14 (citing Advisory Opinion 21-01). The absurdity of Advisory Opinion 21-01's stance on the application of the *Grable* doctrine to PREP Act claims cannot be overstated: HHS is effectively attempting to rewrite diversity jurisdiction under 28 U.S.C. § 1332. For example, if the Court followed HHS guidance in the present case, it would have to decide whether immunity and preemption applies. If the Court found that immunity and preemption did not apply, thereby finding no federal question, according to HHS the Court would retain jurisdiction "as it would a diversity case" *despite there being no diversity among the parties to the litigation*.

The *Grable* doctrine does not apply to Plaintiff's claims and HHS's attempts to weaponize it against state law causes of actions underscores why Advisory Opinion 21-01 should be treated as it describes itself: without the force or effect of law.

### D. The PREP Act still does not apply to Plaintiff's claims.

The continually growing body of PREP Act case law overwhelmingly rejects attempts to morph non-use into use:

6

> Defendants try their best to contort plaintiff's allegations of inaction into action. Their mental gymnastics stretch these allegations well beyond all measure of reasonable flexibility. To be sure, the Petition references "personal protective equipment" (PPE) and "infection control protocols[.]" But one can hear ligaments begin to pop when defendants assert that "a plain reading of the Petition reveals that Plaintiff does, in fact, allege affirmative (albeit *ineffective*) use or administration of such countermeasures, not a complete failure to act.

*Goldblatt*, 2021 WL 308158, at *9 (D. Kan. Jan. 29, 2021). As the *Goldblatt* Court further explains, even if Plaintiff alleges conduct "that qualifies as 'administration or use of a covered countermeasure' within the meaning of the PREP Act, the statute 'still requires a causal connection between the injury and the use or administration of covered countermeasures[.]'" *Id.* (internal citations omitted).

In the section of the Fourth Amendment to the Declaration Under the PREP Act that discusses when "[p]rioritization or purposeful allocation of a Covered Countermeasure . . . can fall within the PREP Act and this Declaration's liability protections", HHS explicitly envisions a situation "where there is only one dose of a COVID-19 vaccine, and a person in a vulnerable population and a person in a less vulnerable population both request it from a healthcare professional." In such a situation, the Fourth Amendment explains, giving the sole vaccine to one person would afford PREP Act protection against the non-vaccinated person in the scenario. Stripped of the formalities of modern litigation, Plaintiff's allegations are that Defendants did not wear masks, social distance patients, or screen staff and visitors for COVID while they treated and otherwise provided services to Plaintiff's decedent, directly leading to Plaintiff's decedent contracting COVID-19 and dying. Certainly, the non-administration contemplated by HHS for the purposes of PREP Act immunity are fundamentally different from the Defendants' complete failure as Plaintiff alleges. Even so, as discussed above, HHS should not be granted *Chevron*

7

deference such that it can contort Congress's plain meaning of administration and use to include non-administration and non-use.

## CONCLUSION

For the reasons stated above and as presented in Plaintiff's prior briefings, Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss.

Respectfully Submitted,

s/*J. Eric Cavanaugh*
J. Eric Cavanaugh, Fed. ID No. 11190
Joseph O. Thickens, Fed. ID No. 11732
William H. Yarborough, Jr., Fed. ID No. 12465
Cavanaugh & Thickens, LLC
1717 Marion Street (29201)
Post Office Box 2409
Columbia, South Carolina 29202
Tel:    (803) 888-2200
Fax:    (803) 888-2219
eric@ctlawsc.com
joe@ctlawsc.com
will@ctlawsc.com

**ATTORNEYS FOR THE PLAINTIFF**

Columbia, South Carolina
March 4, 2021