IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Gerald Colpits, as Personal Representative of the Estate of Bernadette Muratore, | ) ) ) | Case No.: 6:20-cv-04065-JD |
| Plaintiff, | ) ) | |
| vs. | ) ) | **ORDER** |
| NHC Healthcare Clinton, LLC, and Charles Holder, individually and in his capacity as Administrator of NHC Healthcare Clinton, LLC, | ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter comes before the Court on two motions by Defendants' NCH HealthCare/Clinton, LLC's (improperly identified as NHC Healthcare Clinton, LLC, and hereinafter referred to as "NHC") and Charles Holder's, individually and in his capacity as Administrator of NHC Healthcare Clinton, LLC,'s ("Holder;" collectively "Defendants"). Defendants filed a Motion to Deny Joinder of Holder (DE 6) as a defendant, because they contend Plaintiff Gerald Colpits's, as Personal Representative of the Estate of Bernadette Muratore ("Plaintiff" or "Colpits") joined Holder to defeat federal jurisdiction. In addition, Defendants filed a Motion to Dismiss (DE 7), pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) alleging *inter alia* that Plaintiff's State law claims are preempted under the Public Readiness and Emergency Preparedness Act's (the "PREP Act" or "Act") exhaustion of administrative remedies and "willful misconduct" provisions; and therefore, this Court lacks subject matter jurisdiction. In

the alternative, Defendants contend they are otherwise immune from liability under the Act.[1] (DE 7.) After reviewing the motions, memoranda submitted, and the record, the Court denies Defendants' Motion to Dismiss (DE 7) because the PREP Act does not preempt Plaintiff's State law claims and denies Defendants' Motion to Deny Joinder without prejudice as provided in this Order.

## BACKGROUND

Bernadette Muratore was admitted to NHC on May 5, 2020, for short-term rehabilitation following quadruple bypass heart surgery. (DE 1-1, ¶¶ 16 – 17). Plaintiff alleges that Ms. Muratore was exposed to and contracted COVID-19 while at NHC. Specifically, Plaintiff contends that Defendants allowed visitation in violation of DHEC restrictions; did not adequately screen or test staff, patients, and/or visitors for COVID-19; did not require staff to wear masks while treating patients, including Ms. Muratore; and did not reasonably adhere to applicable Public Health Guidelines. (DE 1-1.) As a result, Plaintiff claims Ms. Muratore tested positive for COVID-19, and her symptoms progressed until she required hospitalization. She was admitted to Prisma Health-Laurens and passed away on July 20, 2020. Plaintiff asserts causes of action for negligence, premises liability, gross negligence, recklessness and willful/wanton conduct.

## LEGAL STANDARD

---

[1] Defendants claim immunity under the PREP Act, which provides a covered person with immunity "from suit and liability under Federal and State law with respect to all claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure." See 42 U.S.C. § 247d-6d. The protection claimed here is an affirmative defense, which does not justify dismissal under Rule 12(b)(6). See Doe v. GTE Corp., 347 F.3d 655, 657 (7th Cir. 2003) (noting that "[a]ffirmative defenses do not justify dismissal under Rule 12(b)(6) . . . ."); see also, Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, *or the applicability of defenses*.") (emphasis added). Since Defendants bring this motion, in part, pursuant to Rule 12(b)(6), Fed. R. Civ. P., this Court will evaluate the motion accordingly and will not convert the motion to a judgment on the pleadings to consider Defendants' immunity defense at this stage.

**Federal Rule of Civil Procedure 12(b)(1)**

Federal district courts are courts of limited subject matter jurisdiction. "They possess only the jurisdiction authorized them by the United States Constitution and by federal statute." United States v. ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2008). As such, "there is no presumption that the court has jurisdiction." Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999) (citing Lehigh Mining & Mfg. Co. v. Kelly, 160 U.S. 327, 327, 16 S. Ct. 307, 40 L. Ed. 444 (1895)). Indeed, when the existence of subject matter jurisdiction over a claim is challenged under Rule 12(b)(1), FRCP, "[t]he plaintiff has the burden of proving that subject matter jurisdiction exists." Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999); see also Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991)). If subject matter jurisdiction is lacking, the claim must be dismissed. See Arbaugh v. Y & H Corp., 546 U.S. 500, 506, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006).

To determine whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. Richmond, Fredericksburg & Potomac R. Co. v. U.S., 945 F.2d 765, 768 (1991).

**28 U.S.C. § 1447(e)**

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State Court." 28 U.S.C. § 1447(e). Under the statute "a district court has authority to reject post-removal joinder that implicates 28 U.S.C. § 1447(e), even if the joinder was without leave of court." Mayes v. Rapoport, 198 F.3d 457, 462, n. 11 (4th Cir. 1999). Such decisions are left to the sound discretion of the court. Id. "[I]n exercising this discretion, the district court is

3

'entitled to consider all relevant factors, including: the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities.'" Greenspan v. Brothers Property Corp., 103 F.Supp.3d 734, 737 (D.S.C. 2015) (quoting Mayes, 198 F.3d at 462).  Because the Federal court already possesses jurisdiction after the case has been removed, the Federal court "can simply decline to permit joinder of the nondiverse defendant" where allowance would extinguish diversity jurisdiction. Mayes, 198 F.3d at 463 (citing Cobb v. Delta Exports, Inc., 186 F.3d 675, 678 (5th Cir. 1999).

## DISCUSSION

As threshold matter, Defendants' preemption argument is dispositive of this Court's subject matter jurisdiction under the PREP Act; and therefore, the Court will addressed the issue first.  Defendants mistakenly contend that Plaintiff's causes of action are completely preempted by the PREP Act.  In assessing the applicability of the PREP Act relative to the Plaintiff's State law claims, the Court first reviews the doctrine of complete pre-emption.  As determined by the Supreme Court, there are only two circumstances in which a state claim may be removed to federal court under the doctrine of complete pre-emption: (1) "when Congress expressly so provides"; or (2) "when a federal statute wholly displaces the state-law cause of action through complete pre-emption." Beneficial Nat'l Bank, et al. v. Anderson, 539 U.S. 1, 8 (2003). "Complete [pre-emption] is a rare doctrine," which is not to be lightly invoked. Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc., 693 F.3d 1195, 1204 (10th Cir. 2012) (quoting Cmty. State Bank v.

Strong, 651 F.3d 1241, 1260 n. 16 (11th Cir. 2011)). Defendants insist Plaintiff's claims are completely pre-empted because the PREP Act's express terms evidencing Congressional intent.[2]

Defendants allege the PREP Act expressly preempts State law by stating, "a covered person shall be immune from suit and liability under Federal *and State law* with respect to *all claims for loss caused by, arising out of, relating to, or resulting from* the administration to or the use by and individual of a covered countermeasure."[3] 42 U.S.C. § 247d-6d(a)(1)(emphasis added). However, the PREP Act does not create a federal cause of action that unilaterally supplants Plaintiff's State law claims. Instead, when a covered loss occurs the PREP Act provides for two potential remedies. First, a claimant may seek compensation for injuries directly caused by the administration or use of a covered countermeasure from the Covered Countermeasure Process Fund. Or, a claimant may pursue an exclusive Federal cause of action against a covered person for death or serious physical injury proximately caused by willful misconduct, for which there is no immunity. See 42 USCS §§ 247d-6d and 247d-6e. In this case, the compensation fund is not available to Plaintiff, because it is only available if the injury is the "*direct result of the administration or use* of the Covered Countermeasures, and benefits to certain survivors of individuals who die as a *direct result of the administration or use* of the Covered Countermeasures." Fourth Amendment to the Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19 and Republication of the Declaration, 85 Federal Register 79190, 79198 (December 9, 2020)(emphasis added).

---

[2] Although Defendants also cite to HHS Advisory Opinions in further support of Congressional intent on complete pre-emption, the Court finds there is no ambiguity in the express terms of the PREP Act requiring it to consider additional HHS Advisory Opinions.

[3] Pursuant to the applicable Declaration, "covered countermeasures" include any FDA approved or cleared "drug," "biologic product," or "device," or any such product covered by an Emergency Use Authorization (EUA) or Emergency Use Instructions (EUIs) that are used or administered to treat, diagnose, cure, prevent, or mitigate COVID-19 or the transmission of SARS-CoV-2.

Here, the injuries and death are not alleged to have arisen because of the *direct result of the administration or use* of a Covered Countermeasure, so the compensation fund is not available to the Plaintiff. Rather, Plaintiff alleges Defendants allowed visitation in violation of DHEC restrictions; did not adequately screen or test staff, patients, and/or visitors for COVID-19; did not require staff to wear masks while treating patients, including Plaintiff; and did not reasonably adhere to applicable Public Health Guidelines. (DE 1-1.) Although these allegations target failures to implement PREP Act covered countermeasure, the question before the Court is whether the PREP Act establishes complete pre-emption despite the actions or inaction by a covered person.

Complete pre-emption "must be distinguished from ordinary pre-emption, also known as defensive pre-emption." Sullivan v. Am. Airlines, Inc., 424 F.3d 267, 272 (2d Cir. 2005). Complete pre-emption occurs where "the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" Caterpillar Inc., 482 U.S. at 393. Ordinary pre-emption, on the other hand does not necessitate federal jurisdiction and serves only as a defense from state-law claims because they are pre-empted by federal law. Sullivan, 424 F.3d at 272-73. Unlike the statutory provisions the Supreme Court has recognized as completely pre-emptive through their extraordinary pre-emptive force, the PREP Act fails to expressly "provide[] the exclusive cause of action for the claim asserted[.]" Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 8, 123 S. Ct. 2058, 2063, 156 L. Ed. 2d 1 (2003); see, e.g. National Bank Act, 12 U.S.C. §§ 85-86 (1980) (providing the exclusive cause of action for usury causes of action against national banks). Additionally, the complete pre-emption statutes permit "the district court [to] adjudicate the claim on the merits under the relevant pre-emptive statute." Sullivan v. Am. Airlines, Inc., 424 F.3d 267, 276 (2d Cir.

2005); see, e.g., Employee Retirement Income Security Act, 29 U.S.C. § 1132(f) (2014) ("The district courts of the United States shall have jurisdiction, without respect to the amount in controversy or the citizenship of the parties, to grant the relief[.]"); Labor-Management Act, 29 U.S.C. § 185 (1947) ("For purposes of actions and proceedings by or against labor organizations . . . district courts shall be deemed to have jurisdiction[.]").

Noticeably, the PREP Act fails to afford similar authority. However, the PREP Act does provide for federal jurisdiction for specific causes of action alleging a nexus between willful misconduct and death or serious injury by stating such claims shall be filed and maintained only in the District Court for the District of Columbia. See 42 U.S.C. § 247d-6d(d)-(e). Defendants in this case do not make such allegations. And, although the PREP Act may serve as a potential defense, such a defense does not necessitate federal jurisdiction as per the well plead complaint rule. See Caterpillar Inc., 482 U.S. 386 at 392 ("[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly plead complaint."); see also n. 1.

The alternative avenue for removal through complete pre-emption exists when "a federal statute wholly displaces the state-law cause of action through complete pre-emption." Anderson, 539 U.S. at 8. The PREP Act fails to create a federal cause of action for Plaintiff's allegations. "If the federal statute creates no federal cause of action vindicating the same interest the plaintiff's state cause of action seeks to vindicate, recharacterization as a federal claim is not possible and there is no claim arising under federal law to be removed and litigated in the federal court." Railway Labor Executives Ass'n v. Pittsburgh & Lake Erie R.R. Co., 858 F.2d 936, 942 (3d Cir. 1988) (holding the Railway Labor Act, 45 U.S.C. §§ 151-188 (1996), is not completely pre-emptive because it has no federal cause of action comparable to the state cause of action asserted and the requisite Congressional intent is not evident.). Accordingly, Defendants' Motion to

Dismiss for lack of subject matter jurisdiction is denied because the PREP Act does not completely preempt Plaintiff's State law claims.  Equally, since Plaintiff's State law claims are not covered under the PREP Act, Plaintiff is not required to exhaust the Act's administrative remedies or file and maintain an action in the United States District Court for the District of Columbia for claims of "willful misconduct" by the Defendants.

As to Defendants' Motion to Deny Joinder, the Court denies the motion without prejudice because it is premature.  The applicable statute provides, "[i]f after removal the plaintiff seeks to join additional defendants *whose joinder would destroy subject matter jurisdiction*, the court may deny joinder, or permit joinder and remand the action to the State Court." 28 U.S.C. § 1447(e)(emphasis added).  Here, the joinder of Holder would not destroy subject matter jurisdiction because Defendants removed this cause asserting federal question and diversity jurisdiction.  However, given this Court's ruling on Defendants' federal preemption grounds for dismissal, the parties are directed to separately file supplemental memorandums on whether the Court has federal question jurisdiction regarding Defendants' claim in its Notice of Removal stating:

> This Court has original jurisdiction over this action under 28 U.S.C. § 1442(a)(1) as Defendant was acting under color of and/or at the direction of the United States Government and/or a United States officer with respect to, and without limitation, the PREP Act, 85 Fed. Reg. 15198, 85 Fed. Reg. 21012, 85 Fed. Reg. 35100, 85 Fed. Reg. 52136, April 17, 2020 HHS Advisory Opinion on the PREP Act, and October 23, 2020 HHS Advisory Opinion on the PREP Act.

(DE 1, p.2.) After the parties file their supplement memorandums on the issue of federal question jurisdiction the Court will determine whether Defendants' motion to deny joinder is ripe with leave to refile their motion to deny joinder, if this Court otherwise lacks subject matter jurisdiction.

8

## **CONCLUSION**

For the foregoing reasons, the Court denies Defendants' Motion to Dismiss (DE 7) and denies Defendants' Motion to Deny Joinder (DE 6) without prejudice. Further, the parties are directed to separately file supplemental memorandums on whether the Court has federal question jurisdiction within fourteen (14) days of the date of this Order.

**AND IT IS SO ORDERED.**

*/s/ Joseph Dawson, III*
Joseph Dawson, III
United States District Judge

July 1, 2021
Greenville, South Carolina